# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON HENRY,<br><br>  Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. 3:19-cv-00890-NLS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***<br><br>**[ECF No. 7]** |

On May 25, 2019, Plaintiff Joshua Jason Henry filed an amended complaint in this action seeking judicial review under 42 U.S.C. § 405(g) of an adverse final decision for social-security disability benefits. ECF No. 6. On June 15, 2019, he submitted a motion seeking leave to proceed *in forma pauperis* ("IFP"). ECF No. 7. For the reasons outlined below, the Court **GRANTS** Plaintiff's IFP motion.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915(a), a litigant who is unable to pay the filing fee because of indigency may petition the court to proceed IFP which allows the litigant to commence the action without paying the filing fee.

It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). The determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (noting "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Finally, the facts as to the litigant's indigency must be stated "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff has not been employed for the past two years. ECF No. 7 at 2. He states his only source of income is a monthly allowance of $191 in food stamps and a gift of $25-35/week from an unidentified source. *Id.* Plaintiff states he has no assets. *Id.* at 3. Upon review of Plaintiff's IFP application, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life. *See Escobedo*, 787 F.3d at 1234 (citing *Adkins*, 335 U.S. at 339).

In light of the foregoing, the Court **GRANTS** Plaintiff's application for leave to proceed *in forma pauperis*. (ECF No. 3.) However, if it appears at any time in the future that Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. This includes any

recovery Plaintiff may realize from this suit or others, and any assistance Plaintiff may receive from family or the government.

Accordingly, the Court ORDERS as follows:

1. The Clerk shall issue a summons as to Plaintiff's Complaint (ECF No. 7) upon Defendant and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of her Complaint and the summons. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285 as completely and accurately as possible, and to return it to the U.S. Marshal according to the instructions provided by the Clerk in the letter accompanying her IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the complaint and summons upon Defendant as directed by Plaintiff on the form. All costs of service shall be advanced by the United States. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

2. Defendant shall reply to the complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and consistent with Civil Local Rule 7.1(e)(6).

3. Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the Defendant or counsel of Defendant and the date of service.

**IT IS SO ORDERED.**

Dated: July 16, 2019

Hon. Nita L. Stormes
United States Magistrate Judge